IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JESSICA M. RICHARDS,                :

       Plaintiff,          :   Case No. 3:14cv94

   vs.                    :   JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,  :

       Defendant.       :

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY;
PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14)
OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT
COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT
ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT;
TERMINATION ENTRY

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On January 9, 2015, the United States Magistrate Judge filed a Report and Recommendations

(Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act be affirmed.  Based upon reasoning

and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc.

#13), as well as upon a thorough de novo review of the entirety of this Court's file, including the

Administrative Transcript (Doc. #7), and a thorough review of the applicable law, this Court

adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the

entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding

that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act <u>was</u> supported by substantial evidence.  The Plaintiff's

Objections to said judicial filing (Doc. #14) are overruled.  Accordingly, the decision of the

Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits

under the Social Security Act is affirmed.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if

that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C.

§ 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and

Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report

to which objection is made.  This <u>de novo</u> review, in turn, requires this Court to re-examine all the

relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence."  <u>Lashley v.

Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983); <u>Gibson v.

Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the

Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

<u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), citing <u>Consolidated Edison Company v. NLRB</u>,

305 U.S. 197, 229 (1938); <u>Landsaw v. Secretary of Health and Human Services</u>, 803 F.2d 211, 213

(6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.  <u>Richardson</u>, <u>supra</u>, at 401; <u>Ellis v. Schweicker</u>, 739

F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."  LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and

Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having

concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not

entitled to benefits under the Social Security Act was supported by substantial evidence.

Plaintiff's Objections to said judicial filing (Doc. #14) are overruled.  Judgment will be ordered

entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the

decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United

States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 30, 2015

          WALTER H. RICE, JUDGE
        UNITED STATES DISTRICT COURT

Copies to:

Counsel of record